UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| PROFESSIONAL FLUID SERVICES, L.L.C. | CIVIL ACTION NO. 6:10-cv-01197 |
| VERSUS | JUDGE HAIK |
| BJ SERVICES COMPANY, USA | MAGISTRATE JUDGE HANNA |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The defendant, BJ Services Company, USA ("BJ"), removed this action from state court, alleging that this Court has jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00. The undersigned has reviewed the pleadings to determine whether the requirements for diversity jurisdiction have been satisfied. The undersigned finds that they have not.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] In this case, BJ, the removing defendant, must bear that burden. The undersigned finds that the allegations set forth in the complaint adequately establish that the amount in controversy exceeds the requisite

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

$75,000 threshold. The undersigned also finds, however, that the complaint fails to set forth sufficient allegations concerning the diversity of the parties.

A limited liability company is a citizen of every state in which any member of the company is a citizen,[2] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[3] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[4] If any one of the members is not diverse, the limited liability company is not diverse.

In the removal notice, BJ alleged that the plaintiff, Professional Fluid Services, L.L.C. "is a Louisiana limited liability company domiciled in Lafayette, Louisiana"[5] and "is a citizen of the State of Louisiana."[6] But no information was provided

---

[2] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[3] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[4] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members); *Randolph v. Wyatt*, 2010 WL 299257, 1 (W.D. La. 2010); *Miracle Ear, Inc. v. Premier Hearing Aid Center, L.L.C.*, 2009 WL 5198183, 1 (W.D. La. 2009). See also *Lawson v. Chrysler LLC*, 961226, 2 (S.D. Miss. 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

[5] Rec. Doc. 1-3 at ¶1.

[6] Rec. Doc. 1-3 at ¶IV.

concerning the citizenship of Professional Fluid's members. Therefore, the undersigned cannot determine whether the parties are – or are not – diverse. Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, BJ shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The plaintiff will be allowed seven days to respond to the defendant's submission.

Signed at Lafayette, Louisiana, this 26th day of October, 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)